Case 4:21-cv-03861   Document 1-4   Filed on 11/24/21 in TXSD   Page 1 of 8

10/20/2021 3:56 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 58381913
By: Carolina Salgado
Filed: 10/20/2021 3:56 PM

CAUSE NO. _____

| | | |
|---|---|---|
| MAGALLI SEGOVIA, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § § | |
| | § | HARRIS COUNTY TEXAS |
| V. | § § § | |
| | § | _____ JUDICIAL DISTRICT |
| LYFT INC. AND JOHN DOE | § § § | |
| *Defendants.* | § § | **<u>JURY TRIAL DEMANDED</u>** |

<u>PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND,
AND RULE 193.7 NOTICE</u>

PLAINTIFF MAGALLI SEGOVIA complains of Defendant LYFT, INC. AND JOHN DOE (collectively referred to as "Defendants"), and for cause of action, would respectfully show this Honorable Court the following:

I. **FACTUAL BACKGROUND**

On October 3, 2021, Plaintiff was lawfully riding in the vehicle driven by Rehan aka Defendant John Doe ("Doe"). Plaintiff was a passenger on a prearranged ride in a vehicle driven by the Doe, an "Lyft" driver, arranged to bring Plaintiff home from work by her father. During the ride, John doe abruptly stopped the car, jumped into the backseat of the car, and aggressively pinned the Plaintiff in the seat so that she could not move. Doe immediately started touching the Plaintiff and made unwanted and repeated sexual advances and touched her body. Plaintiff was unable to move and was restricted in the car, and made attempts to push him from her body. In response, John Doe stated "you are one of the prettiest ones" and "we can keep this private." Upon termination of the assault and ride, the assault was reported to Lyft and the Houston Police Department. Lyft responded to the complaint that the occupants in the vehicle would be "unpaired:"

**EXHIBIT B-3**

I wanted to follow up with you on the incident you reported. I'm so sorry to hear about this driver's behavior. I completely understand how concerning and frustrating this situation can be. We have done everything in our hands to take the proper actions.

This sort of behavior is something we absolutely do not tolerate in the Lyft community. Safety is paramount to everything that we do here at Lyft, and we are constantly working to foster a safe, respectful, and conscientious community.

I can assure you that the concerns you have brought to our attention have been reviewed and the necessary actions have been taken. I can not imagine how your daughter felt at that moment but I assure you the accurate actions were taken against this driver's behavior. **Rest assure you I have unpair any future ride with this driver** again. Despite this matter, I personally hope that your next experience will be a positive one.

Sincerely,

Claudia Valeri
Lyft Support help.lyft.com

Lyft is transportation network companies as that term is defined by Texas Insurance Code Chapter 1954. 6.2 While providing a prearranged ride for the benefit of Plaintiff, Defendant John Doe acted inappropriately. At all times herein mentioned, on or more Defendant owned, operated, used, leased, designed, possessed, repaired, built, managed, constructed, maintained, inspected, supervised, and/or controlled the vehicle that Plaintiff was riding in.

## II. DISCOVERY PLAN

Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure.

## III. PARTIES

Plaintiff is an individual and a resident in Harris County, Texas.

Defendant Lyft, Inc. is a company that is authorized to do business in the State of Texas, pursuant to the Texas Business Corporation Act Art 2.11, and can be served with process by

**EXHIBIT B-3**

serving its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

Defendant John Doe is an individual who may be served with process at his residence in Harris County at or wherever he may be found.

Plaintiff expressly invokes her right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of these parties substituted at a later time, upon the motion of any party or one of the Court.

IV. **VENUE AND JURISDICTION**

The Court has jurisdiction in this cause since the damages to Plaintiff are within the jurisdictional limits of the Court.

All or a substantial part of the events or omissions giving rise to the claim occurred in Harris County. Therefore, venue is proper pursuant to sections 15.001 and 15.002(a)(1) of the Texas Civil Practice & Remedies Code. Additionally, the convenience of the parties and the witnesses and the interest of justice would be best served in Harris County.

All conditions precedent have occurred.

Nothing Plaintiff did caused or contributed to this occurrence.

V. **CAUSES OF ACTION**

A. ASSAULT

Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

Defendant committed civil assault on Plaintiff. Specifically, Defendant intentionally, knowingly and recklessly caused bodily injury to with Plaintiff. John Doe knew, or should have reasonably known, that Plaintiff would regard such contact as offensive. As a proximate result of the assault, Plaintiff has suffered damages as described herein. Plaintiff's harm arises as a result of conduct that violates several sections of the Texas Penal Code, including:

3

**EXHIBIT B-3**

(1)     Section 22.01(a)(3), Penal Code (assault);

(2)     Section 22.012, Penal Code (indecent assault); and

(3)     Section 42.07, Penal Code (harassment).

Thus, in addition to actual damages, Plaintiff seeks punitive damages, and such damages are not subject to capping.

### B. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

Doe engaged in conduct to Plaintiff that is extreme and outrageous so as to exceed the bounds of decency in a civilized society, namely, he caused Plaintiff to experience mental suffering by touching, harassing and offending her.

Doe engaged in this conduct intentionally, knowingly, and willfully.

Doe's conduct proximately caused injury to Plaintiff. Plaintiff has sustained and will sustain pain and suffering and psychological and emotional distress, mental anguish, embarrassment, and humiliation.

Accordingly, Plaintiff is entitled to recovery against defendants for the damages proximately caused by Defendants' conduct in an amount to be determined at trial. Further, because Plaintiff's harm arises as a result of conduct that violates several sections of the Texas Penal Code, including:

(1) Section 22.01(a)(1) and (3), Penal Code (assault);

(2) Section 42.07, Penal Code (harassment).

Thus, in addition to actual damages, Plaintiff seeks punitive damages, and such damages are not subject to capping.

### C. NEGLIGENCE (ALL DEFENDANTS)

Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

**EXHIBIT B-3**

Defendants owed a duty of reasonable care to Plaintiff. Defendants breached this duty in several ways, including but not limited to, the following:

1. Failing to exercise reasonable care;
2. Failing to properly screen, retain, hire, train, and/or supervise;
3. Failing to promulgate effective safety policies;
4. Failing to ensure safety policies and procedures were enforced and followed; and
5. Failing to exercise reasonable control over employees, agents and/or contractors.

Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident and Plaintiff's injuries.

### D. AGENCY, RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY (ALL DEFENDANTS)

Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

Defendants are responsible for the conduct of their drivers, employees, and/or agents due to the relationship that existed, among other acts and omissions of negligence which may be shown during the trial of this cause.

### E. NEGLIGENT HIRING, RETENTION, TRAINING, AND SCREENING (LYFT)

Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

Defendant Lyft failed to properly screen, hire and train their drivers, including John Doe. Defendant knew or should have known that John Doe should not have been operating as a driver and/or posed a risk of harm to riders like Plaintiff. It was foreseeable that an assault may occur if Defendant did not undertake proper procedures. Defendants provided John Doe

direct access to riders, despite failing to adequately investigate, regulate, monitor, and supervise John Doe.

## VI. GROSS NEGLIGENCE (ALL DEFENDANTS)

Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

Plaintiff will further show that the acts and/or omissions of Defendants, when viewed objectively from Defendants' standpoint, involved an extreme risk considering the probability and magnitude of the potential harm to others. Defendants had actual subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and/or welfare of others, including Plaintiffs. As such, Defendants' actions and omissions constitute gross negligence. Therefore, Plaintiffs pray that punitive damages be awarded against Defendant

## VII. DAMAGES

As a direct and proximate result of Defendants' acts and omissions described above which exceed $1,000,000, Plaintiff has incurred the following damages:

a. Conscious physical and mental pain and suffering, and anguish, past and future;

b. Physical impairment, past and future;

c. Loss of enjoyment of life and peace of mind, past and future;

d. Reasonable and necessary medical, counseling, psychiatric, therapeutic and related expenses, past and future;

e. Loss of earnings and earning capacity; and

f. Such other damages that will be shown at trial.

Plaintiff seeks any and all damages to which she may be entitled. As stated, Plaintiff also seeks exemplary damages in an amount within the jurisdictional limits of the Court.

**EXHIBIT B-3**

VIII.   **NOTICE OF INTENT TO USE DISCOVERY AT TRIAL**

Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice that she intends to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendant will produce, or has produced, in response to Plaintiff's written discovery requests.

IX.   **REQUEST FOR JURY TRIAL**

Pursuant to Texas Rule of Civil Procedure 216, Defendant demands a jury trial. The appropriate jury fee has been or will be paid to the clerk of the court within thirty (30) days in advance of the trial setting.

X.   **PRESERVATION OF EVIDENCE**

TEXAS RULE OF CIVIL PROCEDURE 193.7 NOTICE Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff may enter into evidence at the trial of this matter all documents produced to Defendant in response to discovery requests.

X.   **PRAYER**

By reason of all the above and foregoing, Plaintiff is entitled to recover from Defendants the damages set forth in this petition, within the jurisdictional limits of this Court. Plaintiff also seeks pre-and post-judgment interest at the maximum legal rate, costs of court, punitive damages, and any other relief to which Plaintiff may be justly entitled.

[Signature Next Page]

**EXHIBIT B-3**

Respectfully submitted,

THE BUZBEE LAW FIRM

By: /s/ *Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
Caroline E. Adams
State Bar No. 24011198
JPMorgan Chase Tower
600 Travis Street, Suite 7300
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 223-5909
Email: tbuzbee@txattorneys.com
Email: cadams@txattorneys.com
www.txattorneys.com

**ATTORNEYS FOR PLAINTIFF**

8

**EXHIBIT B-3**